**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT JAY HEXIMER,

      Petitioner,                Civil No. 2:08-CV-14170
                                    HONORABLE ARTHUR J. TARNOW
v.                             UNITED STATES DISTRICT JUDGE

MARY K. BERGHUIS,

      Respondent.
_____/

<u>**OPINION AND ORDER OF SUMMARY DISMISSAL**</u>

Robert Jay Heximer, ("Petitioner"), presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for solicitation to commit murder, M.CL.A. 750.157b; first-degree home invasion, M.C.L.A. 750.110a(2); and felonious assault, M.C.L.A. 750.82. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner pleaded *nolo contendere* to the above charges in the Livingston County Circuit Court. Petitioner filed a direct appeal to the Michigan Court of Appeals, in which he raised a claim of entrapment and a claim that the trial court had erroneously ordered petitioner to pay attorney fees without first determining his ability to pay. The Michigan Court of Appeals remanded the matter to the trial court to assess petitioner's ability to reimburse the county for attorney fees and denied leave to appeal with respect to the entrapment claim. *People v. Heximer,* No. 283686 (Mich.Ct.App. May 21, 2008).

Petitioner thereafter filed a *pro se* application for leave to appeal to the Michigan Supreme Court, which by his own admission, remains pending before that court.  In addition to raising the two claims that he raised before the Michigan Court of Appeals, petitioner raised the following ten additional claims: (1) Fourth Amendment-Illegal Search and Seizure, (2) Sixth Amendment-Right to Counsel, Issue II, (3) Sixth Amendment-Right to Counsel, Issue III, (4) Abuse of Discretion, (5) Recusal, Bias, and Prejudice, (6) Prosecutorial Misconduct, (7) Ineffective Assistance of [Trial] Counsel, (8) Ineffective Assistance of Appellate Counsel, (9) Sixth Amendment-Confrontation Clause, (10) Fifth Amendment-Self Incrimination.

Petitioner has now filed the instant petition for writ of habeas corpus, in which he essentially seeks habeas relief on the twelve claims that he raised in his application for leave to appeal to the Michigan Supreme Court, which remains pending in that court.

## II.  Discussion

The instant petition must be dismissed because petitioner has failed to exhaust his claims with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995).  A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the

petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). As a

general rule, a federal district court should dismiss a habeas petition that contains

unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich.

2001). The failure to exhaust state court remedies may be raised *sua sponte* by a

federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. §

2254(b)(3).

Petitioner's habeas application is subject to dismissal for two reasons. First,

none of petitioner's twelve claims are exhausted, because petitioner's application for

leave to appeal remains pending in the Michigan Supreme Court. A prisoner confined

pursuant to a Michigan conviction must raise each habeas issue in both the Michigan

Court of Appeals and in the Michigan Supreme Court before seeking federal habeas

corpus relief. *See Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Furthermore, a habeas petitioner must present his claim to the state's highest court in

order to exhaust his state court remedies. *Hafley v. Sowders,* 902 F. 2de 480, 483 (6th

Cir. 1990). Because petitioner's appeal is still pending before the Michigan Supreme

Court, petitioner must await the outcome of this appeal before his state court remedies

are deemed exhausted. *Sherwood v. Tomkins*, 716 F. 2d 632, 634 (9th Cir. 1983).

Secondly, ten of the twelve claims that petitioner has included in his habeas

application were not raised in the Michigan Court of Appeals, but were presented only

for the first time in his application for leave to appeal with the Michigan Supreme Court.

Raising a claim for the first time before the state courts on discretionary review

does not amount to a "fair presentation" of the claim to the state courts for exhaustion

purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present these ten claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court would not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, fn. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977)*; Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994)(petitioner's later attempt to raise issues before the Michigan Supreme Court did not constitute exhaustion where he failed to raise the claims before the Michigan Court of Appeals).

Petitioner contends that he should be excused from exhausting at least some of the claims that are contained in the petition, because his appellate counsel refused to raise these claims in his brief before the Michigan Court of Appeals.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise these additional ten claims on petitioner's direct appeal would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these ten claims. *See Gray v.*

*Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures); *Booker v. Kelly,* 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986)(allegation that unreasonable delay by assigned counsel prevented petitioner from presenting his claims on direct appeal in state court did not excuse petitioner from exhausting his state court remedies prior to filing a petition for writ of habeas corpus, absent a showing that all state procedures had been rendered ineffective).

Petitioner's method of properly exhausting his unexhausted claims in the state courts would be through filing a motion for relief from judgment with the Livingston County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in a post-conviction motion. *See e.g. Mohn,* 208 F. Supp. 2d at 800.

Petitioner has failed to exhaust his state court remedies with respect to his twelve claims. Although a district court has the discretion to stay a mixed habeas petition

containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims for habeas review are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder,* 156 F. Supp. 2d at 845-46.

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: October 6, 2008

6

*Heximer v. Berghuis,* U.S.D.C. No. 08-14170

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary