UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAY HEXIMER,

    Petitioner,                               Civil No. 2:08-CV-14170
                                                   HONORABLE ARTHUR J. TARNOW
v.                                        UNITED STATES DISTRICT JUDGE

MARY K. BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER ON REMAND REINSTATING THE PETITION FOR WRIT OF HABEAS CORPUS, ORDERING THAT THE PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, ORDER DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS IN THIS CASE, ORDER GRANTING PETITIONER'S MOTION TO ACCESS CASE AUTHORITIES, DENYING AS MOOT PETITIONER'S MOTION TO REQUIRE THE STATE TO FURNISH MISSING MATERIALS, AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO APPOINT COUNSEL, TO CONDUCT DISCOVERY, FOR AN EVIDENTIARY HEARING, TO SECURE MEANINGFUL COMMUNICATIONS WITH COUNSEL, FOR FINANCIAL ASSISTANCE, AND DENYING PETIONER'S REQUEST FOR A DEFAULT JUDGMENT**

On October 6, 2008, this Court dismissed petitioner's habeas application brought pursuant to 28 U.S.C. § 2254, on the ground that petitioner had failed to exhaust his state court remedies with respect to the twelve claims that he had raised in his habeas petition. *See Heximer v. Berghuis,* No. 2008 WL 4539431 (E.D. Mich. October 6, 2008).

Petitioner appealed the Court's dismissal to the United States Court of Appeals for the Sixth Circuit. On August 30, 2010, the parties jointly moved for the Sixth Circuit to remand the matter to this Court, on the ground that petitioner had now exhausted his state court remedies. *Heximer v. Berghuis,* U.S.C.A. 09-1069 (6th Cir. August 30, 2010). For the reasons stated below, the petition for writ of habeas corpus is reinstated to the Court's active docket. The Court will further order that the Clerk of the Court serve a

1

*Heximer v. Berghuis,* 2:08-CV-14170

copy of the petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file an answer to the petition and the Rule 5 materials within **sixty days** of the Court's order.

Petitioner has also filed a number of motions with the Court. For the reasons that follow, petitioner's motion to access case authorities is **GRANTED**. Petitioner's motion to require the state to furnish missing materials is **DENIED AS MOOT**. Petitioner's request for entry of a default judgment is **DENIED**. Petitioner's remaining motions are **DENIED WITHOUT PREJUDICE**.

**A. The order of reinstatement and for responsive pleadings.**

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will further order that the Clerk of the Court serve a copy of the habeas petition and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file an answer to the habeas petition within sixty days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

**B. The motion to access case authorities.**

Petitioner has filed a motion for access to case authorities that are available only in electronic databases such as LEXIS and WESTLAW, which he does not have access to as a prisoner, as well as to certain volumes of certain published federal and state

cases that are not currently part of the prison library where petitioner is incarcerated. Petitioner has asked this Court to issue an order requiring respondent's counsel to provide petitioner with paper copies of any unreported decisions or unavailable decisions that he or she cites to in the answer to the petition for writ of habeas corpus, so that he can respond to respondent's answer.

"This Court is concerned about the impact on the appearance of justice when an incarcerated *pro se* litigant like Petitioner lacks access to cases or court rules that are available only on electronic databases like LEXIS and WESTLAW, 'thereby hampering the litigants' opportunities to understand and assert their legal rights.'" *Davis v. Lafler,* 692 F.Supp.2d 705, 706 (E.D.Mich. 2009)(*quoting Lebron v. Sanders,* 557 F.3d 76, 78 (2nd Cir. 2009)). Because it appears that petitioner lacks access to these electronic databases at the prison library, this Court will order respondent's counsel to provide petitioner with paper copies of any unpublished or unavailable at the library decisions and electronically-available-only opinions that he or she may cite to in their answer to the petition. *Lebron,* 557 F. 3d at 79.

### C. The motion to require the state to file missing materials.

Petitioner has also requested the state to file any missing materials from the state court record when it files its answer. Because the Court is ordering the State to file Rule 5 materials with its answer, this motion is denied as moot.

4

**D. The motions to appoint counsel and to secure meaningful, private communication with appointed counsel.**

Petitioner has also filed a motion for the appointment of counsel and a motion to secure meaningful, private communication with appointed counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas

action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a fifty two page brief in support of his petition for writ of habeas corpus. Petitioner has cited to numerous federal and state cases in his petition. Petitioner has also attached numerous exhibits to his petition. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the Court **DENIES** the motion for appointment of counsel and the motion for meaningful access to appointed counsel without prejudice. The Court will reconsider the motions if, following receipt of the responsive pleadings and Rule 5 materials, the court determines that appointment of counsel is necessary.

**E. The motion to conduct discovery.**

Petitioner has also filed a motion for discovery.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §

*Heximer v. Berghuis,* 2:08-CV-14170

2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).

Respondent has not yet filed an answer to the petition for writ of habeas corpus. Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007). In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting petitioner's discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

**F. The motion for an evidentiary hearing.**

Petitioner has also requested that an evidentiary hearing be conducted on his claims.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary

*Heximer v. Berghuis,* 2:08-CV-14170

hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999). It is within the district court's discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F. 2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Once the Court receives the respondent's answer and the Rule 5 materials, the Court will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claims raised in the petition for writ of habeas corpus. Accordingly, the Court denies the motion for an evidentiary hearing. The Court will reconsider petitioner's motion if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

**F. The motion for financial assistance.**

Petitioner has also filed a motion for financial assistance pursuant to the Criminal Justice Act, which he asks to be considered in conjunction with his motions for the appointment of counsel, to conduct discovery, to secure meaningful communications

with appointed counsel, and to access case authorities. For the reasons stated above, the Court will deny this motion without prejudice, because the Court has yet to receive an answer or the Rule 5 materials from respondent.

**G. Petitioner's request for entry of a default judgment.**

Petitioner has filed a motion to consider the brief, motions, and pleadings that he filed in the United States Court of Appeals for the Sixth Circuit as grounds for entry of a default judgment.

The Court is without power to grant petitioner a default judgment because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254. *See Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). Petitioner's motion for a default judgment is denied.

### ORDER

Based on the foregoing, the petition for writ of habeas corpus is reinstated to the Court's active docket**. The Clerk of the Court is directed to reopen this case.**

**IT IS FURTHER ORDERED** That the Clerk of the Court serve a copy of the petition for writ of habeas corpus [Court Dkt. # 1] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer to the habeas corpus petition and the Rule 5 materials within **sixty (60) days** of the date of this order or show cause why they are unable to comply with the order.

*Heximer v. Berghuis,* 2:08-CV-14170

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

**IT IS FURTHER ORDERED** that the motion to access case authorities [Court Dkt. # 24] is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to require the state to furnish missing materials [Court Dkt. # 26] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the motion to appoint counsel [Court Dkt. # 21], the motion for discovery [Court Dkt. # 22], the motion for an evidentiary hearing [Court Dkt. # 23], the motion to secure private meaningful communications with appointed counsel [Court Dkt. # 27], and the motion for financial assistance [Court Dkt. # 29] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner's motion for default judgment [Court Dkt. # 25] is **DENIED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 30, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 30, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary