UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAY HEXIMER,

    Petitioner,                               Civil No. 2:08-CV-14170
                                             HONORABLE ARTHUR J. TARNOW

v.

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART THE MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING THE MOTION TO AMEND THE CAPTION**

On October 6, 2008, this Court dismissed petitioner's habeas application brought pursuant to 28 U.S.C. § 2254, on the ground that petitioner had failed to exhaust his state court remedies with respect to the twelve claims that he had raised in his habeas petition. *See Heximer v. Berghuis,* No. 2008 WL 4539431 (E.D. Mich. October 6, 2008).

Petitioner appealed the Court's dismissal to the United States Court of Appeals for the Sixth Circuit. On August 30, 2010, the parties jointly moved for the Sixth Circuit to remand the matter to this Court, on the ground that petitioner had now exhausted his state court remedies. The Sixth Circuit vacated this Court's order of summary dismissal and remanded the matter back to this Court for further proceedings. *Heximer v. Berghuis,* U.S.C.A. 09-1069 (6th Cir. August 30, 2010).

On November 30, 2010, this Court reinstated the petition to the Court's active docket and ordered a responsive pleading from respondent. On January 28, 2011, respondent filed an answer to the petition for writ of habeas corpus. As part of her answer, respondent contends that the claims contained within the petition are

1

*Heximer v. Booker,* 2:08-CV-14170

unexhausted, notwithstanding the fact that the Sixth Circuit had previously granted the parties' joint motion to remand the case to this Court for a merits determination because petitioner's claims had now been exhausted. *See* Respondent's Answer, pp. 22-24.

Petitioner has now filed a motion for partial summary judgment and a motion to amend caption.

Taking the motion to amend caption first, petitioner indicates that he has now been moved to the Ryan Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Raymond Booker of the Ryan Correctional Facility in the caption.

Petitioner has also moved for a partial summary judgment. In his motion, petitioner argues that respondent has waived all procedural defenses because she failed to raise them in an answer before the United States Court of Appeals for the Sixth Circuit.

Assuming that respondent's failure to raise procedural defenses before the Sixth Circuit would constitute a waiver of her right to assert these defenses before this Court, the only procedural defense that respondent raises in her answer is her argument that the petition should be dismissed because petitioner failed to exhaust his claims.

Respondent's exhaustion argument is precluded not so much by her failure to assert it in the Sixth Circuit as much as by the fact that the Sixth Circuit ordered that this

2

*Heximer v. Booker,* 2:08-CV-14170

case be remanded back to this Court for a merits determination on the ground that petitioner had exhausted his claims. Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). The law of the case doctrine has been applied to habeas cases in other contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984). Respondent's contention that petitioner has failed to exhaust his claims is barred by the law-of-the case doctrine. *See e.g. Diguglielmo v. Smith,* 366 F. 3d 130, 135 (2nd Cir. 2004). Accordingly, the Court will grant petitioner's partial summary judgment motion in part and will not dismiss the petition on exhaustion grounds.

To the extent that petitioner is asking the Court to enter a default judgment, this Court is without power to grant petitioner a default judgment in this case, because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254. *See Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

*Heximer v. Booker,* 2:08-CV-14170

**ORDER**

Based upon the foregoing, IT IS ORDERED that the motion for partial summary judgment [Dkt. # 42] is **GRANTED IN PART** and the motion to amend caption [Dkt. # 44] is **GRANTED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  August 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 9, 2011, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary