**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT JAY HEXIMER,

      Petitioner,               Civil No. 2:08-CV-14170
                                 HONORABLE ARTHUR J. TARNOW
v.                              UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, GRANTING LEAVE
TO APPEAL IN FORMA PAUPERIS, DENYING MOTION TO SHOW CAUSE [DKT.
49], DENYING MOTION TO VACATE JUDGMENT [DKT. 51], AND DENYING THE
MOTIONS FOR IMMEDIATE CONSIDERATION [DKT ## 48, 83]**

      Robert Jay Heximer, ("Petitioner"), presently confined at the Chippewa

Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254. [1]  In his application, filed *pro se*, petitioner challenges his

conviction for solicitation to commit murder, M.CL.A. 750.157b; first-degree home

invasion, M.C.L.A. 750.110a(2); and felonious assault, M.C.L.A. 750.82.  For the

reasons stated below, the petition for writ of habeas corpus is **DENIED.**

---

     [1]  When petitioner originally filed his petition for writ of habeas corpus, he was
incarcerated at the West Shoreline Correctional Facility, but has since been transferred
to the Chippewa Correctional Facility.  The only proper respondent in a habeas case is
the habeas petitioner's custodian, which in the case of an incarcerated habeas
petitioner would be the warden of the facility where the petitioner is incarcerated. *See
Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28
foll. U.S.C. § 2254.  Therefore, the Court substitutes Warden Jeffrey Woods in the
caption.

*Heximer v. Woods,* U.S.D.C. No. 08-14170

**I. Introduction**

Petitioner pleaded *nolo contendere* to the above charges in the Livingston County Circuit Court.  In exchange for his plea, the prosecutor agreed that petitioner's minimum sentence on the solicitation to commit murder charge would be no greater than fourteen years.  The parties further agreed that the sentences would run concurrently on all three charges.  The prosecutor further agreed to a conditional plea which would allow petitioner to preserve the right to appeal his claim that he had been entrapped by a jailhouse informant to solicit his ex-wife's murder.  On February 12, 2007, petitioner was sentenced to fourteen to thirty five years in prison on the solicitation to commit murder conviction, seven and a half to twenty years on the first-degree home invasion conviction, and two and a half to four years on the felonious assault conviction.  Sentences to run concurrently.

Petitioner filed a direct appeal to the Michigan Court of Appeals, in which he raised a claim of entrapment and a claim that the trial court had erroneously ordered petitioner to pay attorney fees without first determining his ability to pay.  The Michigan Court of Appeals remanded the matter to the trial court to assess petitioner's ability to reimburse the county for attorney fees and denied leave to appeal with respect to the entrapment claim. *People v. Heximer,* No. 283686 (Mich.Ct.App. May 21, 2008).

Petitioner then filed a  a *pro se* application for leave to appeal to the Michigan Supreme Court.  While the application was still pending before that court, petitioner filed a petition for writ of habeas corpus, in which he sought habeas relief on the two claims that he had raised before the Michigan Court of Appeals, as well as an additional ten

2

*Heximer v. Woods,* 2:08-CV-14170

claims that he raised for the first time in his application for leave to appeal to the Michigan Supreme Court.

This dismissed petitioner's habeas application, on the ground that petitioner had failed to exhaust his state court remedies with respect to the twelve claims that he had raised in his habeas petition. *See Heximer v. Berghuis,* No. 2008 WL 4539431 (E.D. Mich. October 6, 2008).

Petitioner appealed the Court's dismissal to the United States Court of Appeals for the Sixth Circuit. On August 30, 2010, the parties jointly moved for the Sixth Circuit to remand the matter to this Court, on the ground that petitioner had now exhausted his state court remedies. *Heximer v. Berghuis,* U.S.C.A. 09-1069 (6th Cir. August 30, 2010). The Michigan Supreme Court, in fact, denied petitioner's application for leave to appeal on October 27, 2008. *People v. Heximer,* 482 Mich. 1034, 757 N.W.2d 92 (2008).

This Court reinstated the petition to the Court's active docket and ordered a responsive pleading from respondent. *Heximer v. Berghuis*, No. 2010 WL 4973748 (E.D. Mich. November 30, 2010).

On January 20, 2011, petitioner filed a memorandum of law in support of the petition for writ of habeas corpus.

On January 28, 2011, respondent filed an answer to the petition for writ of habeas corpus. Petitioner has filed several replies to the answer.

3

*Heximer v. Woods,* 2:08-CV-14170

Petitioner appears to seek habeas relief on the following twenty two claims that he has articulated in his memorandum of law in support of his petition for writ of habeas corpus:[2]

> I.  Whether the Government's failure to comply with two discovery demands, and produce *Brady* and/or *Giglio* material, and its destruction of evidence violated the due process rights of the Petitioner – requires the dismissal of charges.

> II.  Whether the complete absence of counsel during a critical stage mandates a presumption of prejudice, for purposes of Sixth Amendment deprivation of counsel claim, and requires automatic reversal.

> III.  Whether the State's failure to provide unbiased and impartial judge(s) is a structural defect that violated due process, and requires automatic reversal.

> IV.  Whether counsel's failure to subject the prosecution's case to meaningful adversarial testing constitutes an actual or constructive denial of counsel, and requires automatic reversal.

> V.  Whether the State's knowing exploitation of the opportunity to confront the accused without counsel present circumvents the Sixth Amendment, and mandates reversal.

> VI.  Whether the initial entry to Mr. Heximer's home was in absence of probable cause and requires suppression of all evidence, both tangible and testimonial, under both the exclusionary rule and fruit-of-the-poisonous-tree doctrine?

> VII.  Whether the complaint(s) against Mr. Heximer are insufficient because they fail to meet the probable cause requirement contained in Rule four of the Federal Rules of Criminal Procedure: *Giordenello v. United States* and the Fourth Amendment.

---

[2]  In his original habeas petition, petitioner sought habeas relief on twelve grounds which are identical to the claims that he raises in his memorandum of law. Because the claims that were raised in his original petition are duplicative of the claims raised by petitioner in his memorandum of law, it would be repetitive to list these claims separately, as respondent has done in the answer.

*Heximer v. Woods,* 2:08-CV-14170

VIII.  Whether the initial entry, seizure, and multiple searches – in absence of any warrant, consent or probable cause and exigent circumstances – violated the Fourth Amendment and requires suppression of all evidence, both direct and derivative, tangible and testimonial.

IX.  Whether the subsequent search warrant – premised on illegally obtained evidence; an affidavit that contains both false statements and deliberate omissions of crucial facts; and knowledge acquired during unlawful entry and searches – was valid, and requires suppression of all evidence, both direct and derivative, tangible and testimonial.

X.  Whether the arrest warrant(s) – premised on insufficient complaint(s); illegally obtained evidence; no competent witness; phrased in conclusory language; and lack of judicial signature – are valid under the Fourth Amendment, and holds no legal basis for detention.

XI.  Whether there is sufficient evidence to sustain a conviction or order a new trial once the court finds the police violated the Fourth Amendment and orders suppression of all evidence, both direct and derivative, tangible and testimonial.

XII.  Whether the judgments are void where the court lacked jurisdiction of the subject matter, or of the parties, or acted in an manner inconsistent with due process.

XIII.  Whether trial counsel's performance was deficient, falling below reasonable professional standards – denying Mr. Heximer his fundamental right to the effective assistance of counsel guaranteed by the Sixth Amendment, and requires reversal.

XIV.  Whether appellate counsel's performance was deficient, falling below reasonable professional standards – denying Mr. Heximer his fundamental right to the effective assistance of counsel guaranteed by the Sixth Amendment, and requires reversal.

XV.  Whether the State violated Mr. Heximer's Fifth Amendment rights through use of their agent, cellmate of Mr. Heximer, who was acting by prearrangement and incriminating statements were obtained.

XVI.  Whether the State violated Mr. Heximer's Sixth Amendment rights where their agent circumvented the right to counsel to deliberately elicit information.

*Heximer v. Woods,* 2:08-CV-14170

XVII.  Whether the State violated Mr. Heximer's Fourth Amendment rights where they placed a transmitting device on their agent to record conversations between their agent and Mr. Heximer, without a warrant or consent form, after the right to counsel had attached.

XVIII. Whether the trial court abused its discretion for: (1) failure to certify its disqualification; (2) failure to rule on discovery demands motion; (3) denial of counsel change; (4) admission of evidence that was tainted, incomplete and no proper foundation laid; (5) failure to rule on impeachment of Agent Hunt under MRE 609; (6) failure to enforce sequestration order; (7) denial of entrapment motion; (8) failure to properly accommodate Mr. Heximer's hearing loss; (9) awarding exclusive use of the marital home – an alleged crime scene – to the alleged victim the day after Mr. Heximer's unlawful seizure and detention; and (10) excessive bail.

XIX.   Whether the prosecution committed prosecutorial misconduct by: (1) initiating charges in absence of probable cause; (2) violations of discovery, *Brady/Giglio*, and destruction of evidence; (3) circumvention of counsel; (4) deliberately elicited information; 5) evidentiary issues; (6) failure to disclose agreement with prosecution witness (Hunt); (7) perjured testimony; (8) search warrant affidavit contains false statements and deliberate omissions; (9) invalid arrest warrant; and (10) invalid search warrant.

XX.  Whether the use of "testimonial" statements in the police report, where that report was taken from a file and utilized by another officer – who had not conducted any investigation nor had any personal knowledge of facts – to swear to the complaint; and exculpatory evidence was withheld by the prosecution in that Mr. Heximer could not confront that evidence, violates the confrontation clause.

XXI. Whether Mr. Heximer was entrapped, as a matter of law, where law enforcement officials originate the criminal design (through Agent Hunt), implant the disposition to commit a criminal act – then instigate and induce the commission of the crime so that the government may prosecute.

XXII.  Whether the 44th Circuit Court is required to honor a "contract" for the repayment of attorneys fees.

## II.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

6

*Heximer v. Woods,* 2:08-CV-14170

> merits in State court proceedings unless the adjudication of the
> claim–
> (1)     resulted in a decision that was contrary to, or involved an
>          unreasonable application of, clearly established Federal law,
>          as determined by the Supreme Court of the United States;
>          or
> (2)     resulted in a decision that was based on an unreasonable
>          determination of the facts in light of the evidence presented
>          in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

Additionally, this Court must presume the correctness of state court factual

determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

*Id.* at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

However, when a state court fails to adjudicate a habeas petitioner's claim on

the merits, federal habeas review is not subject to the deferential standard contained in

§ 2254(d) and a federal court is required to review that claim *de novo. See Cone v.*

*Bell,* 129 S. Ct. 1769, 1784 (2009); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003);

*McKenzie v. Smith,* 326 F. 3d 721, 726 (6th Cir. 2003).  In the present case, the

7

*Heximer v. Woods,* 2:08-CV-14170

Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's claims

by form order.  In this case, "there are simply no results, let alone reasoning, to which

this court can defer.  Without such results or reasoning, any attempt to determine

whether the state court decision 'was contrary to, or involved an unreasonable

application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile."

*McKenzie,* 326 F. 3d at 727; *See also Maples v. Stegall,* 340 F.3d 433, 437 (6th Cir.

2003)(Michigan courts' failure to consider the petitioner's ineffective assistance of

counsel claims rendered the AEDPA's deferential standard of review inapplicable, thus,

the Sixth Circuit would review petitioner's claims under a *de novo* standard); *Daniel v.*

*Palmer,* 719 F. Supp. 2d 817, 825-26 (E.D. Mich. 2010)(same).  Accordingly, this Court

cannot apply the deferential standard of review contained in the AEDPA but must

review *de novo* petitioner's claims. [3]

---

[3]  The Court is aware that respondent's counsel failed to address the merits of
some of the issues that were raised in the petition, even though she was clearly aware
of all of petitioner's claims.  Respondent's counsel simply chose to argue that all of
petitioner's claims had been waived by his *nolo contendere* plea.  As will be discussed
below, most of petitioner's claims were waived by his plea, however, several were not.
Respondent's counsel did not address the merits of these claims. Petitioner, however, is
not entitled to habeas relief because of respondent counsel's failure to effectively
respond to these claims, because to do so "would be tantamount" to granting a default
judgment to petitioner in this case, which is a form of relief unavailable in habeas
proceedings. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828, n. 6 (E.D. Mich.
2004); *modified on other grds,* 340 F. Supp. 2d 773 (E.D. Mich. 2004); *Alder v. Burt,*
240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)(both citing to *Allen v. Perini*, 424 F. 2d 134,
138 (6th Cir. 1970)); *See also Gordon v. Duran,* 895 F. 2d 610, 612 (9th Cir. 1990)(failure
of state to respond to five of eight claims raised in habeas petition did not entitle habeas
petitioner to default judgment on those claims).  While respondent counsel's failure to
address some of these claims demonstrates a lack of respect for the Court, as well as a
lack of regard for the gravity of the matters raised in this case, *See Carpenter v.*
*Vaughn,* 888 F. Supp. 635, 648 (M.D. Pa. 1994), it would not provide petitioner a basis

*Heximer v. Woods,* 2:08-CV-14170

### III.  Discussion

**A.  The motion to show cause.**

Petitioner has filed a motion to show cause, in which he asks this Court to hold

respondent in contempt for failing to provide the Rule 5 materials to this Court.

The habeas corpus rules require respondents to attach the relevant portions of

the transcripts of the state court proceedings, if available, and the court may also order,

on its own motion, or upon the petitioner's request, that further portions of the

transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules

Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

A review of the court's docket indicates that the Rule 5 materials were provided

to this Court by respondent on May 7, 2010, before this case had even been remanded

back by the Sixth Circuit. [*See* Dkt. Entry # 18].  Accordingly, there is no reason to

compel the production of these documents or to hold respondent in contempt.

Petitioner's motion to order respondent to file the specified Rule 5 materials or to hold

him in contempt will therefore be denied.  *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711,

717-18 (E.D. Mich. 2004).

**B.  The excessive bail claims have been mooted by petitioner's conviction.**

In his eighteenth claim, petitioner alleges that the trial judge set an excessive

bail.

_____

for habeas relief.

9

*Heximer v. Woods,* 2:08-CV-14170

Petitioner's conviction has rendered moot any constitutional claims regarding his pre-trial bail. *See U.S. v. Manthey,* 92 Fed. Appx. 291, 297 (6th Cir. 2004)(citing *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)("Hunt's claim to pretrial bail was moot once he was convicted")).

### C.  Petitioner's claims which challenge pre-plea deprivations of his constitutional rights have been waived by his *nolo contendere* plea.

Petitioner has brought a number of claims which allege violations to his constitutional rights that occurred prior to the entry of his *nolo contendere* plea. Because many of these claims are duplicative and often overlap with other claims, for judicial clarity, this Court will summarize these claims rather than recite them again verbatim or reference them by number.  In a number of his claims, petitioner alleges that the criminal complaint that was filed in this case was defective and thus deprived the state court of jurisdiction over his case.  Petitioner further alleges several Fourth Amendment violations by the police.  Petitioner further alleges that his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel were violated when the police used a jailhouse informant to obtain incriminating information from petitioner.  Petitioner further claims that the prosecutor committed misconduct.  Petitioner further argues that in the absence of the illegally obtained evidence in this case, there was insufficient evidence to convict him of these offenses. Petitioner next contends that the magistrate judge should have recused himself from petitioner's preliminary examination because of a prior business dealing between the two men and that the circuit court judge should have recused himself from petitioner's

10

*Heximer v. Woods,* 2:08-CV-14170

case because he simultaneously presided over the divorce case between petitioner

and the victim and in fact awarded the marital home to petitioner.  Petitioner lastly

contends that trial counsel was ineffective for various reasons.  Respondent contends

that these claims have been waived by petitioner's plea of *nolo contendere*.  With

several exceptions, the Court agrees.

A properly invoked guilty plea normally forecloses conviction challenges based

on antecedent non-jurisdictional errors. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)*;*

*Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998).  A guilty plea represents

a break in the chain of events which has proceeded it in the criminal process; when a

criminal defendant has solemnly admitted in open court that he or she is in fact guilty of

the offense which he or she is charged, the defendant may not thereafter raise

independent claims relating to the deprivation of constitutional rights which occurred

prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267.  A *nolo contendere* plea

also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F.

2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 747

(E.D. Mich. 2005). [4]

---

[4]  The Court is aware that the prosecutor agreed that petitioner's plea could be
conditioned upon his right to raise an entrapment claim on appeal.  Petitioner's
conditional plea did not preserve any of the additional pre-plea constitutional
deprivations because the only issue that the parties agreed to preserve for appeal was
petitioner's claim that he had been entrapped into soliciting his wife's murder. A
conditional guilty plea requires the agreement of the defendant, the prosecution, and the
court. *See People v. Andrews,* 192 Mich. App. 706, 707; 481 N. W. 2d 831 (1992).
Petitioner's *nolo contendere* plea waived appellate review of any of these additional
constitutional claims, because his plea was conditioned on only his right to raise an
entrapment claim. *See People v. Wynn,* 197 Mich. App. 509, 510; 496 N.W. 2d 799

*Heximer v. Woods,* 2:08-CV-14170

Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *See U.S. ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th Cir. 1971); *Rogers v. Kropp, Warden*, 387 F. 2d 374, 375 (6th Cir. 1968).  Because petitioner pleaded *nolo contendere* to the charges without ever challenging the alleged deficiencies with the criminal complaint, petitioner is precluded from obtaining habeas relief on these issues.

Moreover, petitioner's claim that the trial court lacked jurisdiction to try his case because of alleged deficiencies in the complaint raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review.  The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009).  The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001).  Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district

--------------------

(1992).

*Heximer v. Woods,* 2:08-CV-14170

court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Petitioner's *nolo contendere* plea waived any Fourth Amendment challenges to the legality of his arrest or the search. *See e.g. United States v. Herrera,* 265 F.3d 349, 351 (6th Cir. 2001)("It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Fed.R.Crim.P. 11(a)(2)")*; See also U.S. v. Kirksey,* 118 F.3d 1113, 1114-15 (6th Cir. 1997).  The Michigan Supreme Court has also held that an unconditional plea of guilty waives review of Fourth Amendment challenges to the legality of an arrest or a search. *See People v. New*, 427 Mich. 482, 494; 398 N.W.2d 358 (1986).

Petitioner's various Fifth Amendment challenges involve non-jurisdictional issues which would likewise be waived by his *nolo contendere* plea. *See e.g. Reed v. Henderson,* 385 F. 2d 995, 996 (6th Cir. 1967)(an alleged *Miranda* violation is not a jurisdictional issue and is waived by a guilty plea); *Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980)(entry of guilty plea precluded collateral habeas corpus attack on alleged coerced confession).  Petitioner's related claim that the police violated his Sixth Amendment right to counsel by using a jailhouse informant to obtain incriminating information from petitioner is likewise waived by petitioner's *nolo contendere* plea, because it involves conduct that occurred prior to the entry of

13

*Heximer v. Woods,* 2:08-CV-14170

petitioner's plea. *See e.g. Mitchell v. Superior Court for Santa Clara County, State of Cal.,* 632 F.2d 767, 770 (9th Cir. 1980).

Petitioner's prosecutorial misconduct claims were also waived by his *nolo contendere* plea, because they all involve alleged prosecutorial misconduct that happened prior to petitioner's entry of his plea.  A plea of guilty or *nolo contendere* waives a defendant's right to claim pre-plea claims of prosecutorial misconduct. *See U.S. v. Ayantayo*, 20 Fed. Appx. 486, 487-88 (6th Cir. 2001).

Petitioner further claims that in the absence of any illegally obtained evidence, there was insufficient evidence to convict him of these charges.  By entering a *nolo contendere* plea, petitioner has waived his right to challenge the sufficiency of the evidence to convict him of these charges. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987); *See also U.S. v. Hawkins*, 8 Fed. Appx. 332, 334 (6th Cir. 2001).

Petitioner's claim that the district court judge and the circuit court judge should have recused themselves from petitioner's case has likewise been waived by petitioner's *nolo contendere* plea, because petitioner entered his plea knowing that the district judge had owed him money and that the circuit judge had presided over his divorce case and had ruled adversely against him at the entrapment hearing. *See Bray v. Sowders,* 810 F.2d 199 (Table); No. 1986 WL 16209, * 1 (6th Cir. November 17, 1986).

Finally, pre-plea claims of ineffective assistance of trial counsel like the ones complained of by petitioner are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001);

14

*Heximer v. Woods,* 2:08-CV-14170

*Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea).

Thus, petitioner's claims involving the alleged ineffective assistance of counsel that occurred prior to the entry of his plea are waived.

Petitioner, however, has also alleged that trial counsel was ineffective for advising him to plead *nolo contendere*.  Because this claim goes to the voluntariness of petitioner's plea, this claim would not be waived by the plea and will be addressed below.  The Court also notes that petitioner's ineffective assistance of appellate counsel claim would not be waived by his *nolo contendere* plea.  Lastly, petitioner's entrapment claims are preserved because the prosecutor agreed to a conditional plea with respect to this claim.

### D.  Petitioner's remaining ineffective assistance of counsel claims are meritless.

As part of petitioner's thirteenth claim that he raises in his memorandum of law, petitioner contends that trial counsel was ineffective for advising him to plead *nolo contendere*, rather than go to trial.  Petitioner also alleges that he was deprived of the effective assistance of appellate counsel.

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* sets forth a two-part test for assessing claims of ineffective

15

*Heximer v. Woods,* 2:08-CV-14170

assistance.  First, did the attorney make errors "so serious that counsel was not

functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687.  To

establish deficient performance under this prong of *Strickland*, the defendant must

show that his attorney's representation "fell below an objective standard of

reasonableness." *Id.*, at 688.  The second prong of *Strickland* examines whether the

defendant was prejudiced by counsel's deficient performance.  To meet the prejudice

standard, a "defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694.  The *Strickland* standard applies as well to claims of ineffective

assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner initially contends that his trial counsel was ineffective for advising him

to plead *nolo contendere*, rather than take the case to trial.

The Supreme Court has recently noted that:

Acknowledging guilt and accepting responsibility by an early plea respond
to certain basic premises in the law and its function.  Those principles are
eroded if a guilty plea is too easily set aside based on facts and
circumstances not apparent to a competent attorney when actions and
advice leading to the plea took place.  Plea bargains are the result of
complex negotiations suffused with uncertainty, and defense attorneys must
make careful strategic choices in balancing opportunities and risks.  The
opportunities, of course, include pleading to a lesser charge and obtaining
a lesser sentence, as compared with what might be the outcome not only at
trial but also from a later plea offer if the case grows stronger and
prosecutors find stiffened resolve.  A risk, in addition to the obvious one of
losing the chance for a defense verdict, is that an early plea bargain might
come before the prosecution finds its case is getting weaker, not stronger.
The State's case can begin to fall apart as stories change, witnesses
become unavailable, and new suspects are identified.

16

*Heximer v. Woods,* 2:08-CV-14170

*Premo v. Moore,* 131 S. Ct. 733, 741 (2011).

The Supreme Court further admonished:

These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture,". Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

*Premo,* 131 S. Ct. at 741-42 (internal citations and quotations omitted).

Moreover, in order to satisfy the prejudice requirement for an ineffective

assistance of counsel claim in the context of a guilty plea, the defendant must show

that there is a reasonable probability that, but for counsel's errors, he or she would not

have pleaded guilty or *nolo contendere*, but would have insisted on going to trial.

*Premo,* 131 S. Ct. at 743 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). An

assessment of whether a defendant would have gone to trial but for counsel's errors

17

*Heximer v. Woods,* 2:08-CV-14170

"will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59.  The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or *nolo contendere. See Maples v. Stegall,* 340 F. 3d at 440.  The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or *nolo contendere*, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004).

Petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading *nolo contendere. See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750.

With respect to the home invasion and felonious assault charges, petitioner contends that the police entered his house illegally and that his resulting arrest was the fruit of that illegal arrest.  The Supreme Court has held that "[T]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred.*" INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Petitioner does not deny that he broke into his ex-wife's house and assaulted her with a knife.  The mere fact that petitioner may have been illegally arrested would not have

18

*Heximer v. Woods,* 2:08-CV-14170

prevented his ex-wife and any other witnesses from testifying concerning the home invasion and felonious assault charges.

With respect to the solicitation to commit murder charge, the Court is aware that petitioner raised an entrapment claim. However, in Michigan, the defense of entrapment is decided by the judge, not the jury. *See People v. D'Angelo*, 401 Mich. 167, 173-76, 257 N.W.2d 655 (1977); *See also People v. Woods,* 241 Mich. App. 545, 216; 616 N.W.2d 211 (2000). Petitioner had already conducted a hearing on his entrapment claim before the trial judge, who rejected the claim. Petitioner could not present his entrapment claim again to the jury.

Moreover, in the present case, trial counsel negotiated a plea bargain in which petitioner pleaded *nolo contendere* to solicitation to commit murder, which carries up to life in prison, first-degree home invasion, and felonious assault, in exchange for which the prosecutor agreed that petitioner's minimum sentence would not exceed fourteen years. The prosecutor further agreed that the three sentences would run concurrently with one another. [5] Finally, defense counsel was able to get the prosecutor to agree to allow petitioner's plea be conditioned on his right to appeal the entrapment issue to the Michigan appellate courts. Trial counsel's advice to petitioner to accept the plea agreement, which limited petitioner's sentence exposure while still preserving his right to appeal the denial of his entrapment motion, which if successful on appeal would

---

[5]   M.C.L.A. 750.110a(8) permits a trial court, in its discretion, to order a term of imprisonment for first-degree home invasion to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction.

19

*Heximer v. Woods,* 2:08-CV-14170

have led to the dismissal of the solicitation to commit murder charge, was not

unreasonable.  Accordingly, petitioner is not entitled to habeas relief on this claim.

Petitioner next contends that he was deprived of the effective assistance of

appellate counsel, because she only raised two claims on his appeal before the

Michigan Court of Appeals, namely, his entrapment claim and his claim involving the

Court's assessment of court-appointed attorney fees.

The Sixth Amendment guarantees a defendant the right to the effective

assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-

397 (1985).  However, court appointed counsel does not have a constitutional duty to

raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S.

745, 751 (1983).

The Sixth Circuit Court of Appeals has identified the following factors to be

considered in determining whether appellate counsel was constitutionally ineffective in

failing to raise certain issues on appeal:

> 1. Were the omitted issues significant and obvious?
> 2. Was there arguably contrary authority on the omitted issues?
> 3. Were the omitted issues clearly stronger than those presented?
> 4. Were the omitted issues objected to at trial?
> 5. Were the trial court's rulings subject to deference on appeal?
> 6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
> 7. What was appellate counsel's level of experience and expertise?
> 8. Did the petitioner and appellate counsel meet and go over possible issues?

20

*Heximer v. Woods,* 2:08-CV-14170

9. Is there evidence that counsel reviewed all the facts?

10. Were the omitted issues dealt with in other assignments of error?

11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle,* 171 F. 3d 408, 427-428 (6th Cir. 1999).

Petitioner first contends that appellate counsel was ineffective for failing to raise any claims regarding the allegedly defective criminal complaint, the alleged Fourth Amendment violations, the alleged Fifth Amendment violations, the claim involving the use of the jailhouse informant to obtain incriminating information from petitioner, and trial counsel's ineffectiveness for failing to challenge the legality of the search of petitioner's house and his arrest, trial counsel's alleged deficiencies in preparing for and conducting the entrapment hearing, and trial counsel's failure to move to recuse either the district court or circuit court judges. Petitioenr further claims that appellate counsel was ineffective for failing to obtain the lower court records that would be necessary to present these claims. Petitioner claims that his appellate counsel informed him that she would not raise these claims because they had been waived by petitioner's *nolo contendere* plea.

As mentioned in Section C, *supra,* appellate review of these various claims was waived by petitioner's *nolo contendere* plea. An appellate counsel is not ineffective for failing to raise a claim on direct appeal that would be considered to have been waived by the defendant's guilty or *nolo contendere* plea, i.e., a non-jurisdictional claim. *See Triplet v. Franklin,* 365 Fed. Appx. 86, 95 (10th Cir. 2010). Because the omitted claims

21

*Heximer v. Woods,* 2:08-CV-14170

were waived by petitioner's *nolo contendere* plea, appellate counsel was not ineffective for failing to raise these claims on petitioner's direct appeal.

To the extent that petitioner is alleging that appellate counsel was ineffective for failing to raise on direct appeal petitioner's claim that trial counsel was ineffective for advising him to plead *nolo contendere*, this Court has found that claim to be without merit.  Because petitioner has failed to show that his trial counsel was ineffective in advising him to plead *nolo contendere*, petitioner is unable to establish that appellate counsel was ineffective for failing to raise this ineffective assistance of trial counsel claim on petitioner's direct appeal. *See Johnson v. Smith,* 219 F. Supp. 2d 871, 883 (E.D. Mich. 2002).

Petitioner next contends that appellate counsel was ineffective for failing to file an application for leave to appeal on his behalf with the Michigan Supreme Court following the denial of his appeal by the Michigan Supreme Court.

A criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).  "The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Because there is no constitutional right to the effective assistance of counsel on a discretionary appeal, petitioner cannot claim that counsel was ineffective for failing to file an application for leave to appeal with the Michigan Supreme Court. *Wainwright v. Torna*, 455 U.S. at 587-88; 102 S. Ct. at 1301; *See also Harris v. Stegall,* 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

22

*Heximer v. Woods,* 2:08-CV-14170

Petitioner is not entitled to habeas relief on these ineffective assistance of counsel

claims.

### E. Petitioner's entrapment claims are non-cognizable on habeas review.

In several claims, petitioner alleges that he was entrapped by a jailhouse

informant and the police whom he was working for into soliciting his wife's murder.

It is well-established that entrapment is not a constitutional defense. *See*

*Hampton v. United States*, 425 U.S. 484, 488-91 (1976) (plurality opinion); *United*

*States v. Russell*, 411 U.S. 423, 430 (1973); *United States v. Tucker*, 28 F 3d 1420,

1426-28 (6th Cir. 1994); *Seeger v. Straub*, 29 F. Supp. 2d at 390-91.  In *Tucker*, the

Sixth Circuit declined to recognize a due process claim based upon a federal

informant's conduct during a reverse buy operation in which the police would "pose as

sellers of [contraband], set up deals with would-be buyers under carefully controlled

conditions, and arrest the purchasers following the sham sale." *Id*. at 1421 (internal

quotation omitted).  In examining the defendant's claim that his due process rights

were violated, the Sixth Circuit Court of Appeals held that the due process claim

involved "nothing more than a claim of entrapment" and therefore failed to state a

constitutional claim. *Id*.  The Sixth Circuit therefore held that a claim of entrapment

does not raise a constitutional claim.

Accordingly, petitioner's claim that the state court's denial of his entrapment

defense was clearly erroneous under Michigan law is not cognizable in a federal

*Heximer v. Woods,* 2:08-CV-14170

habeas corpus petition. *Seeger v. Straub,* 29 F. Supp. 2d at 390-91.  Petitioner is not

entitled to habeas relief on his entrapment claims.

> **F.  Petitioner is not entitled to habeas relief on his claim involving the improper assessment of attorney fees.**

Petitioner lastly contends that the trial court improperly required petitioner to pay

back court-appointed attorney fees as part of his sentence.

Petitioner would not be able to bring a challenge to the trial court's allegedly

improper assessment of court-appointed attorney's fees in his habeas petition,

because petitioner's claim does not challenge his confinement. *See Fisher v. Booker*,

No. 2006 WL 2420229, * 9 (E.D. Mich. August 22, 2006).  Where a habeas petitioner is

not claiming the right to be released but is challenging the imposition of a fine or other

costs, he or she may not bring a petition for writ of habeas corpus. *See United States

v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995).  Petitioner is not entitled to habeas relief on

this claim.

> **G.  The motions to vacate judgment and for immediate consideration.**

Petitioner has also filed a motion to vacate judgment and two motions for

immediate consideration.  In light of the fact that the Court is denying petitioner habeas

relief, the Court will deny these claims as moot.

### IV. Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not

proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.

24

*Heximer v. Woods,* 2:08-CV-14170

Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of

December 1, 2009, requires that a district court must:

> issue or deny a certificate of appealability when it enters a final order
> adverse to the applicant.... If the court issues a certificate, the court must
> state the specific issue or issues that satisfy the showing required by 28
> U.S.C. § 2253(c)(2).
> Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Courts must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C.

§ 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show

that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S.

322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists would not debate that this Court correctly

denied each of Petitioner's claims.  Therefore, the Court will deny a certificate of

appealability.

Although this Court will deny a certificate of appealability to petitioner, the

standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a

*Heximer v. Woods,* 2:08-CV-14170

lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.   ORDER

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

IT IS FURTHER ORDERED that the motion to show cause [Dkt. # 49], the motion to vacate judgment [Dkt. # 51], and the motions for immediate consideration [Dkt. ## 48, 83] are **DENIED.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

*Heximer v. Woods,* 2:08-CV-14170

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 16, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on , by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

27