**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT JAY HEXIMER,

      Petitioner,               Civil No. 2:08-CV-14170
                                       HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent.

_____/

<u>**OPINION AND ORDER DENYING THE MOTIONS TO ALTER OR AMEND
JUDGMENT, THE MOTIONS FOR AN EVIDENTIARY HEARING, THE MOTIONS FOR
SUPPRESSION OF COMMUNICATIONS UNLAWFULLY INTERCEPTED, THE
MOTIONS FOR BOND, THE MOTION TO COMPEL THE STATE COURT RECORD,
THE MOTION FOR LEAVE TO FILE A SECOND PARTIAL SUMMARY JUDGMENT,
THE MOTION TO STRIKE RESPONDENT'S ANSWER, THE MOTION FOR THE
APPOINTMENT OF COUNSEL, THE MOTION TO EXPEDITE, AND THE MOTION
FOR AN EXTENSION OF TIME.**</u>

On March 16, 2012, this Court denied petitioner's habeas application brought

pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, but granted

petitioner leave to appeal *in forma pauperis. See Heximer v. Woods,* No. 2012 WL

899358 (E.D. Mich. March 16, 2012).  Petitioner has now filed a number of

postjudgment motions.  For the reasons that follow, the motions are DENIED.

**A.  The motions to alter or amend judgment.**

Petitioner has filed a motion to alter or amend judgment and a motion to

supplement the motion to alter or amend judgment, in which petitioner claims that this

Court erred in denying his petition for writ of habeas corpus, particularly in failing to find

that petitioner had been constructively denied the effective assistance of trial counsel.

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999).  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration.  A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004); *Hence v. Smith,* 49 F. Supp. 2d at 550-51 (*citing* L.R. 7.1(g)(3)).  A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward,* 340 F. Supp. 2d at 774.

In denying the petition for writ of habeas corpus, this Court ruled that petitioner had not been deprived of the effective assistance of trial counsel. Petitioner's motions to alter or amend judgment will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied the petition for writ of habeas corpus. *See Hence v. Smith,* 49 F. Supp. 2d at 553.

**B.  The motions for an evidentiary hearing.**

Petitioner has filed two motions for an evidentiary hearing.

A habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001).  In light of the

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

fact that this Court has already determined that petitioner's claims are without merit, he is not entitled to an evidentiary hearing on his claims.

**C.  The motions for suppression of communications unlawfully intercepted, the motion to order an investigation for fraud, and the motion to strike.**

Petitioner has filed two motions to suppress evidence that he claims was obtained by the police in violation of federal and state law and which violated his right to counsel.  Petitioner has also filed a motion to order an independent investigation for fraud, in which he claims that the state trial court for several years concealed copies of the search warrant, affidavit for a search warrant, arrest warrant, and the criminal complaint that he had requested.  In his motion to strike, petitioner asks that the warrants, the criminal complaint, and the bind over order be stricken from the record because they were not filed with the state courts in compliance with state law.

Petitioner is essentially seeking to amend his habeas petition with these documents.  Under Fed. R. Civ. P. 15, once a judgment has been entered in a case, including a habeas case, the filing of an amendment cannot be allowed until the judgment is set aside or vacated. *See Bishop v. Lane,* 478 F. Supp. 865. 866-67 (E.D. Tenn. 1978); *See also Pitts v. Champion,* 16 Fed. Appx. 975, 977 (10th Cir. 2001). Because petitioner has already been denied habeas relief, the Court will deny these motions.

**D.  The motions for release on bond.**

Petitioner has filed several motions for release on bond.

3

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006).  There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984).  By implication, a federal court should not grant bail under other circumstances.  In light of the fact that petitioner failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003).

**E.  The motion to compel the state courts to furnish the state court record.**

Petitioner has filed a motion to compel the state courts to furnish the complete state court record.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

A review of the court's docket indicates that the Rule 5 materials were provided to this Court by respondent on May 7, 2010, before this case had even been remanded

4

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

back by the Sixth Circuit. [*See* Dkt. Entry # 18].  Accordingly, there is no reason to

compel the production of these documents.  Petitioner's motion to order respondent to

file the specified Rule 5 materials will therefore be denied. *See e.g. Burns v. Lafler,* 328

F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

### F.  Motion for Leave to File Second Partial Summary Judgment.

Petitioner has filed a motion to file a second partial summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir.

2000)(quoting Fed. R. Civ. Proc. 56(c)).  The summary judgment rule applies to habeas

proceedings. *See e.g. Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001).

However, a federal district court should not enter a summary judgment in a habeas case

if the pleadings or papers present a genuine issue of fact. *See United States ex. rel.*

*Johnson v. De Robertis*, 718 F. 2d 209, 211 (7th Cir. 1983); *See also Barclay v. Renico*,

No. 2002 WL 1303038, * 2 (E.D. Mich. June 6, 2002).

This Court has already determined that petitioner's claims lack merit.

Accordingly, the Court will deny the motion for summary judgment.

### G.  The motion to strike respondent's answer.

Petitioner has next filed a motion to strike respondent's answer because

respondent failed to file a brief in the United States Court of Appeals for the Sixth Circuit

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

when petitioner's case was before that Court when petitioner had appealed this Court's

original dismissal of his habeas petition on exhaustion grounds.

As another judge in this district has indicated: "There is no way a § 2254 case

can be decided on a petitioner's submission only, and a court should not put itself in a

position of considering the petition without a response by the respondent." *Mahaday v.*

*Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)(Cohn, J.)(*citing to Beall v. Cockrell,*

174 F. Supp. 2d 512 (N.D. Tex. 2001)).  While another judge in this district has refused

to grant an extension of time to the State of Michigan to file an answer and has

considered a habeas petition without having the benefit of an answer from the

respondent, *See Wilkerson v. Jones,* 211 F. Supp. 2d 856 (E.D. Mich. 2002)(Gadola,

J.), the problem with this approach is that any such decision by the court "creates a self-

inflicted wound", because without a response from the State of Michigan, "a judge is left

with a one-sided view of the habeas corpus petition–that of the prisoner, who is most

likely untrained in the law and has submitted a short petition to the court that does not

include records and transcripts from the court proceedings in which the prisoner was

convicted." *Mahaday v. Cason,* 222 F. Supp. 2d at 921.  Under these circumstances, a

judge is unable to "isolate the precise contours of the dispute", because he or she would

be "missing half of the story", i.e. the state court proceedings, which are necessary to

properly adjudicate the habeas petition. *Id.*  Therefore, although an expeditious review

of a habeas petition is desirable, a quick adjudication of the petition should not be done

at the expense of an incomplete review. *Id.* at 922.

6

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

In the present case, petitioner has cited to no authority which suggests that a respondent's answer to a habeas petition must be stricken by the district court simply because the respondent failed to file a reply brief to a habeas petitioner's appeal in the circuit court.  The Court will deny the motion to strike respondent's answer.

**H. The motion for the appointment of counsel.**

Petitioner has filed a motion for the appointment of counsel.

The Court will deny petitioner's motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  Because petitioner's claims lack any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

**I.  The motion for an extension of time to file a motion to alter or amend judgment and the motion to expedite.**

Petitioner has filed a motion for an extension of time to file a motion to alter or amend judgment and a motion to expedite the proceedings.  In light of the fact that the Court is denying the other motions, these two motions are denied as moot.

**<u>ORDER</u>**

IT IS ORDERED that the motions to alter or amend judgment[ Dkt. ## 96, 124, 131], the motions for evidentiary hearings [Dkt. ## 100, 132], the motions for suppression of communications unlawfully intercepted [Dkt. ## 104, 105], the motion to order independent investigation of fraud [Dkt. # 116], the motion to strike[Dkt. # 119],

*Heximer v. Woods,* U.S.D.C. No. 2:08-CV-14170

the motions for release on bond [Dkt. ## 109, 110], the motion to compel state courts to furnish the complete record [Dkt. # 112], the motion for leave to file a second partial summary judgment [Dkt. # 114], the motion to strike respondent's response [Dkt. # 130], the motion for appointment of counsel [Dkt. # 126], the motion for extension of time [Dkt. # 94], and the motion to expedite [Dkt. # 107] are **DENIED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:  November 15, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 15, 2012, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant