UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAY HEXIMER,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.

_____/

Civil No. 2:08-CV-14170
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, (2) DENYING IN PART THE RULE 60 (B) MOTION FOR RELIEF FROM JUDGMENT (Dkt. # 139), (3) TRANSFERRING IN PART THE RULE 60(B) MOTION (Dkt. # 139) AND THE MOTION FOR LEAVE TO AMEND THE COMPLAINT (Dkt. # 141) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A), AND (4) DENYING WITHOUT PREJUDICE THE MOTION TO AMEND THE CAPTION, MOTION FOR ENLARGEMENT TO BAIL, AND THE MOTION FOR THE APPOINTMENT OF COUNSEL (Dkt. ## 140, 143, 144).**

On March 16, 2012, this Court denied petitioner's habeas application brought pursuant to 28 U.S.C. § 2254, declined to issue a certificate of appealability, but granted petitioner leave to appeal *in forma pauperis. See Heximer v. Woods,* No. 08-CV-14170, 2012 WL 899358 (E.D. Mich. March 16, 2012). The United States Court of Appeals for the Sixth Circuit denied petitioner a certificate of appealability and dismissed the appeal. *See Heximer v. Woods*, No. 12-2567 (6th Cir. May 23, 2013). The United States Supreme Court denied the petition for writ of certiorari. *See Heximer v. Woods*, 135 S. Ct. 88 (2014); *reh. den.* 135 S. Ct. 1524 (2015).

1

*Heximer v. Woods,* 08-CV-14170

Petitioner has filed a Rule 60(b) motion for relief from judgment, in which he seeks to reopen his case. Petitioner also filed a motion to amend the complaint to add a new ineffective assistance of appellate counsel claim to his petition. Petitioner also claims that the state courts lacked jurisdiction over his case because of defects in the charging documents. Petitioner also filed motions to amend the caption, to be released on bail, and for the appointment of counsel.

For the reasons stated below, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court denies in part the 60(b) motion for relief from judgment. The Court also transfers the Rule 60(b) motion for relief from judgment and the motion to amend the complaint to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The Court denies without prejudice the motions to amend the caption, for release on bail, and for the appointment of counsel.

Petitioner seeks to reopen his case and vacate the original judgment. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motions.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition

*Heximer v. Woods,* 08-CV-14170

due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532. A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*, at 532, n. 4. A claim of "[f]raud on the federal habeas court" is another example of such a defect that would not be considered to be a second or successive habeas petition. *Id.* at 532, n. 5.

Petitioner seeks relief from judgment under Rule 60(b) because he claims that his appellate counsel from the State Appellate Defender Office was ineffective for failing to submit several of the state trial court transcripts when she filed the appeal. Petitioner further contends in his motion to amend the complaint

*Heximer v. Woods,* 08-CV-14170

that a "fraud on the court" was committed by the state district court magistrate judge in failing to have the arresting officer swear out a complaint against petitioner, causing the state courts to lose jurisdiction over his case.

Petitioner has failed to show that a fraud has been committed upon the court.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit, because he has failed to show that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 Fed. Appx. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). Because the state court magistrate judge was not acting as an officer of the federal habeas court, the "fraud upon the court" exception does not apply to allow petitioner to

4

*Heximer v. Woods,* 08-CV-14170

obtain relief from judgment. *Id.* To the extent that petitioner alleges a defect in the proceedings, the motion for relief from judgment is denied.

Petitioner's motion to reopen or to reinstate his habeas petition is in reality an attempt to file second or successive habeas petition because the motion seeks to re-litigate his claim or claims involving the alleged defects in the criminal complaint that he previously raised in his prior habeas petition. *See In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005). Petitioner's motion to reopen the habeas petition is also a second or successive habeas petition because petitioner for the first time raises a new claim involving the ineffective assistance of appellate counsel in failing to submit the transcripts to the Michigan Court of Appeals. When a motion for relief from judgment in a habeas proceeding seeks to add a new ground for relief, whether similar to or different from the claims raised in the first petition, the motion should generally be treated as a second or successive petition. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the AEDPA, a

*Heximer v. Woods,* 08-CV-14170

federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

Petitioner previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was denied on the merits. Petitioner's current Rule 60(b) motion, to the extent it challenges his state court conviction, is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.

Finally, the Court denies without prejudice petitioner's remaining motions because the Court does not have the jurisdiction to entertain them in light of the fact that petitioner essentially filed a successive petition for writ of habeas corpus.

*Heximer v. Woods,* 08-CV-14170

A district court loses jurisdiction over a state prisoner's habeas petitions when it transfers it to Court of Appeals on the ground that it is a second or successive petition. *Jackson v. Sloan*, 800 F. 3d 260, 261 (6th Cir. 2015). This Court thus lacks jurisdiction pursuant to 28 U.S.C.A. §§ 1631 and 2244(b)(3)(A) to consider petitioner's motions to amend the caption, to release petitioner on bail, or to appoint counsel. *Id.,* at 261-62.

## ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The motion for relief from judgment [Dkt. # 139] is **DENIED IN PART**.

(3) The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment [Dkt. # 139] and the related motion for leave to amend the complaint [Dkt. # 141] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

(4) The Court **DENIES WITHOUT PREJUDICE** the motion to amend caption (Dkt. # 140), the motion for release on bail (Dkt. # 143), and emergency motion for the appointment of counsel. (Dkt. # 144).

                                                      s/Arthur J. Tarnow
                                                      **HON. ARTHUR J. TARNOW**
                                                      UNITED STATES DISTRICT JUDGE

Dated: January 15, 2016