UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAY HEXIMER,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent.
_____/

Civil No. 2:08-CV-14170
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE BIFURCATED MOTION (Dkt. # 151), THE MOTION TO ORDER PRODUCTION OF UNSIGNED WARRANT (Dkt. # 152), AND SUPPORTING DOCUMENTS (Dkt. # 153) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner has filed a bifurcated motion, a motion to order production of the unsigned warrant, and documents in support of these motions. Petitioner basically asks this Court to grant him a writ of habeas corpus. For the reasons that follow, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court also transfers the motions and the supporting documents to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**I. Background**

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for solicitation to commit murder, M.CL.A. 750.157b; first-degree home invasion, M.C.L.A. 750.110a(2); and

*Heximer v. Woods,* 2:08-CV-14170

felonious assault, M.C.L.A. 750.82. This Court denied petitioner's habeas application, declined to issue a certificate of appealability, but granted petitioner leave to appeal *in forma pauperis. See Heximer v. Woods,* No. 08-CV-14170, 2012 WL 899358 (E.D. Mich. March 16, 2012); *appeal dism.* No. 12-2567 (6th Cir. May 23, 2013); *cert. den.* 135 S. Ct. 88 (2014); *reh. den.* 135 S. Ct. 1524 (2015).

This Court subsequently denied in part petitioner's Rule 60(b) motion for relief from judgment. The Court also transferred the Rule 60(b) motion for relief from judgment and the motion to amend the complaint to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The Court denied without prejudice the motions to amend the caption, for release on bail, and for the appointment of counsel. *Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629 (E.D. Mich. Jan. 15, 2016). The United States Court of Appeals for the Sixth Circuit denied petitioner permission to file a second or successive petition. *In Re Heximer,* No. 16-1050 (6th Cir. Aug. 24, 2016).

Petitioner has again been denied permission to file a successive habeas petition by the Sixth Circuit. *In Re Heximer,* No. 16-2401 (6th Cir. Mar. 27, 2017).

Petitioner has filed a "bifurcated motion," in which he asks this Court to issue an immediate writ of habeas corpus and/or conduct an evidentiary hearing,

*Heximer v. Woods,* 2:08-CV-14170

based on his claim that his current confinement is unconstitutional. In his related motion to order production of an unsigned warrant, petitioner requests the production of the felony warrant from the 53rd District Court in Livingston County, Michigan, because he claims that the warrant was unsigned, thus, depriving the state court of jurisdiction over his case. In his motions and in his related supporting documents, petitioner alleges numerous constitutional violations which he argues invalidates his criminal conviction.

## II. Discussion

Petitioner seeks to reopen his case and vacate the original judgment. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motions. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing

*Heximer v. Woods,* 2:08-CV-14170

the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner's motion to reopen or to reinstate his habeas petition is an attempt to file second or successive habeas petition because the motion seeks to re-litigate claims that he previously raised in his prior habeas petition. *See In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005). To the extent that petitioner seeks to raise new claims, his motions would also be the equivalent of a second or successive habeas petition. *See Brooks v. Bobby,* 660 F.3d 959, 962 (6th Cir. 2011).

     Accordingly, the Clerk of Court is ordered to transfer petitioner's pleadings to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

*Heximer v. Woods,* 2:08-CV-14170

### III. Conclusion

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The Clerk of the Court is **ORDERED** to transfer the Bifurcated Motion [Dkt. # 151], the Motion To Order Production of Unsigned Warrant [Dkt. # 152] and the Documents [Dkt. # 153] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 24, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2017.

s/Deborah Tofil
Case Manager