UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JAY HEXIMER,

    Petitioner,                             Civil No. 2:08-CV-14170
                                                  HONORABLE ARTHUR J. TARNOW
v.                                         UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent.
_____/


**OPINION AND ORDER (1) TRANSFERRING THE MOTION TO CORRECT THE RECORD (Dkt. # 158) TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A), AND (2) DENYING WITHOUT PREJUDICE THE MOTION FOR REMEDIAL TRANSFER (Dkt. # 159), THE MOTION FOR APPOINTMENT OF COUNSEL (Dkt. # 163), AND THE MOTION FOR A TEMPORARY RESTRAINING ORDER (Dkt. # 164)**

Petitioner has filed a motion to correct the record, in which he seeks to relitigate the claims that he raised in his initial habeas petition. Petitioner asks this Court to grant him a writ of habeas corpus. Petitioner also filed a motion for remedial transfer, claiming he is being denied access to the courts, that he is being denied medical care, and that he was the victim of a retaliatory transfer. Petitioner also filed motions for the appointment of counsel and for a temporary restraining order. For the reasons that follow, the Court transfers the motion to correct the record to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The Court denies the motions for remedial transfer and for a temporary

1

restraining order without prejudice because petitioner's access to court, denial of medical care, and retaliatory transfer claims would be more properly brought under 42 U.S.C. § 1983. The motion for the appointment of counsel is denied without prejudice.

## I. Background

Petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for solicitation to commit murder, first-degree home invasion, and felonious assault. The petition was denied. *See Heximer v. Woods,* No. 08-CV-14170, 2012 WL 899358 (E.D. Mich. March 16, 2012); *appeal dism*. No. 12-2567 (6th Cir. May 23, 2013); *cert. den.* 135 S. Ct. 88 (2014); *reh. den.* 135 S. Ct. 1524 (2015).

This Court subsequently denied in part petitioner's Rule 60(b) motion for relief from judgment. The Court also transferred the Rule 60(b) motion for relief from judgment and the motion to amend the complaint to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The Court denied without prejudice the motions to amend the caption, for release on bail, and for the appointment of counsel. *Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629 (E.D. Mich. Jan. 15, 2016). Petitioner was denied permission to file a second or successive petition. *In Re Heximer,* No. 16-1050 (6th Cir. Aug. 24, 2016).

Petitioner was again denied permission to file a successive habeas petition by the Sixth Circuit. *In Re Heximer,* No. 16-2401 (6th Cir. Mar. 27, 2017).

Petitioner filed a "bifurcated motion," which this Court treated as a successive habeas petition and transferred to the Sixth Circuit for authorization to file a successive habeas petition. *Heximer v. Woods*, No. 2:08-CV-14170, 2017 WL 3141049 (E.D. Mich. July 24, 2017). Petitioner was again denied permission to file a successive habeas petition. *In Re Heximer,* No. 17-1855 (6th Cir. Dec. 4, 2017).

Petitioner filed a motion to correct the record, in which he again seeks to raise anew the same claims that he raised in his earlier habeas petition. Petitioner may also be seeking to raise new claims. Petitioner also filed a motion for remedial transfer, claiming that he is being denied access to the courts, being denied medical care, and was the victim of a retaliatory transfer. In his related motion for a temporary restraining order, petitioner seeks injunctive relief for these claims. Petitioner separately moved for the appointment of counsel.

## II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323

3

F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit is required to transfer the petition to the Sixth Circuit Court of Appeals. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). Petitioner's motion to correct the record is an attempt to file second or successive habeas petition because the motion seeks to re-litigate claims that he previously raised in his prior habeas petition. *See In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005). To the extent that petitioner seeks to raise new claims, his motion is also the equivalent of a second or successive habeas petition. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

Accordingly, the Clerk of Court is ordered to transfer petitioner's motion to correct the record (Dkt. # 158) to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

Petitioner in his motions for remedial transfer and for a temporary restraining order claims he is being denied access to the courts, is being denied medical care, and was transferred to his current place of incarceration in retaliation for exercising his rights.

Where a prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas

4

corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). By contrast, habeas corpus is not an available remedy to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by petitioner in his motion for remedial transfer which involve conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Id.* (quoting *Maddux v. Rose,* 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Inmates should therefore bring a claim which challenges the conditions of confinement under 42 U.S.C.§ 1983. *Id.* Petitioner's claim that he is being denied access to the courts or access to legal materials is a challenge to the conditions of confinement which cannot be maintained as a habeas action. *See Allen v. Lamanna,* 13 F. App'x. 308, 311 (6th Cir. 2001). A petition for writ of habeas corpus is not the proper vehicle for a prisoner's claim that prison officials have been deliberately indifferent to his medical needs, because release from custody is not an available remedy for a deliberate indifference claim. *See In re Owens,* 525 F. App'x. 287, 290 (6th Cir. 2013). Petitioner's claim that he was wrongfully transferred to his current place of incarceration also involves a challenge to the conditions of confinement. *See also Turnboe v. Gundy*, 27 F. App'x. 339, 340 (6th Cir. 2001)(state prisoner's claims should have been brought under § 1983, and not by a habeas corpus petition, where he alleged that he was transferred to another facility in violation of his First

Amendment right of access to the courts and his right to due process).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F. 3d 710, 714 (6th Cir. 2004). The Court will dismiss any challenges brought by petitioner against his conditions of confinement without prejudice to his ability to raise them in a separate action filed pursuant to 42 U.S.C. § 1983.

Finally, petitioner has filed a motion for the appointment of counsel. The Court will deny the motion without prejudice at this time.

### III. Conclusion

The Court **ORDERS** that:

(1) The Clerk of the Court is **ORDERED** to transfer the Motion to Correct the Record (Dkt. # 158) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

(2) The motion for remedial transfer and the motion for a temporary restraining order (Dkt.## 159, 164) are **DENIED WITHOUT PREJUDICE** to petitioner filing a civil rights complaint under 42 U.S.C. § 1983.

(3). The motion for the appointment of counsel (Dkt. # 163) is **DENIED WITHOUT PREJUDICE**.

                                               s/Arthur J. Tarnow
                                               HON. ARTHUR J. TARNOW
                                               UNITED STATES DISTRICT JUDGE

Dated: March 8, 2018